## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF FLORIDA
## PENSACOLA DIVISION

PAXTON MCMILLIAN

             PLAINTIFF,

v.                             CASE NUMBER: 3:21-cv- 04029

USRE, LLC.
D/B/A AT HOME INN AND
KEVIN GALLAGHER,

             DEFENDANT.

_____/

## COMPLAINT

Plaintiff, Paxton McMillian, (hereinafter referred to as the "Plaintiff" or "Aughtman"), by and through his undersigned attorney, sues the Defendant's, USRE, LLC. d/b/a At Home Inn & Suites and Kevin Gallagher, (hereinafter referred to as the "Defendants" or "USRE" or "Gallagher"), and submits his Complaint which alleges the following:

### *JURISDICTION AND VENUE*

1.    This is an action to recover unpaid overtime and minimum wage compensation under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 et. seq, (hereinafter "FLSA"), and the Florida Minimum Wage Amendment (FMWA), Article X, §24 of the Florida Constitution. This is also an action to remedy discrimination on the basis of disability, and retaliation in the terms, conditions,

1

and privileges of Plaintiff's employment in violation of the Americans with Disabilities Act, (ADA), 42 U.S.C. §§ 12111-12117, 12203; Family Medical Leave Act, 29 U.S.C.S. §§ 2601; 2611-2654, and Florida's Workers' Compensation Retaliation Law § 440.205, Florida Statutes.

2.      Jurisdiction is invoked pursuant to 28 U.S.C. § 1331, 28 U.S.C §1367, 29 U.S.C. §216(b), 29 U.S.C. § 2617(a)(2) and 42 U.S.C. §2000e-5(f).

3.      This action lies in the Northern District of Florida, Pensacola Division, because the unlawful employment practices were committed in this judicial district.

4.      Plaintiff has complied with all conditions precedent and administrative remedies have been exhausted and jurisdiction is invoked pursuant to 28 U.S.C. § 1331 and the Florida Civil Rights Act of 1992, as amended, Chapter 760 et seq., Florida Statutes. On October 21, 2020, Plaintiff filed a Charge of Discrimination with the Florida Commission on Human Relations ("FCHR" No.: 202126657) and the United States Equal Employment Opportunity Commission ("EEOC" No.: 15D202100054). On April 14, 2021, the FCHR issued a determination pursuant to Fla. Stat. § 760.11(3). Plaintiff thereafter requested his ninety (90) day Notice of Right to Sue letter from the EEOC which was received on September 21, 2021.

5.      Defendant is considered an employer within the terms and conditions

of the 29 USC §§ 2611 et seq. ("FMLA"), as Defendant was both engaged in commerce or in an industry or activity affecting commerce and employed more than 50 employees for each working day during each of 20 or more calendar weeks in each calendar year relevant hereto within a seventy-five (75) mile radius of Plaintiff's Molino, Florida worksite.

6.      Plaintiff worked for Defendant from 2016, until July 10, 2020. Plaintiff is considered an "eligible employee" for purposes of the FMLA as she has been employed: (1) for at least 12 months by Defendant, and (2) for at least 1,250 hours of service with Defendant in the previous 12-month period.

7.      The FMLA does not contain an exhaustion requirement and Plaintiff is not required to exhaust administrative remedies before bringing suit.

8.      At all times pertinent to this Complaint, the corporate Defendants, U.S.R.E., LLC and Kevin Gallagher, were enterprises engaged in interstate commerce.

9.      At all times pertinent to this Complaint, U.S.R.E., LLC and Kevin Gallagher, regularly owned and operated businesses engaged in commerce or in the production of goods for commerce as defined in §3(r) and 3(s) of the FLSA, 29 U.S.C. §203(r) and 203(s).

10.      Defendants, U.S.R.E., LLC and Kevin Gallagher, operated the hotel At Home Inn & Suites located in Pensacola, Florida.

11.    Plaintiff would perform work at this hotel, and the work done involved handling on a regular and recurrent basis, "goods" or "materials," as defined by the FLSA, which were used commercially in Defendants' business, moved in interstate commerce, and were manufactured outside the State of Florida.

12.  In addition to the Plaintiff, Defendants employed at least five other employees besides the Plaintiff who's daily job duties involved, on a regular and recurrent basis, "goods" or "materials," as defined by the FLSA, which were used commercially in Defendants' business, moved in interstate commerce, and were manufactured outside the State of Florida.

13.  During the relevant time period, the Defendants' enterprise had an annual gross volume of sales made or business done of not less than $500,000.00.

14.  The Defendants are subject to the jurisdiction of this Court because they engage in substantial and not isolated activity within the Northern District of Florida.

15.  The Defendants are also subject to the jurisdiction of this Court because they operate, conduct, engage in, and/or carry on business in the Northern District of Florida.

16.  At all times material hereto, Plaintiff was a resident of Pensacola, Escambia County, Florida, and was an "employee" of the Defendants within the meaning of the FLSA.

17.  At all times material hereto, Defendants, U.S.R.E., LLC and Kevin Gallagher, were conducting business in Pensacola, Escambia County, Florida, with their principal place of business in that city.

18.  At all times material hereto, U.S.R.E., LLC and Kevin Gallagher, were the employers of Plaintiff.

19.  At all times material hereto, Defendants were and continue to be "employer[s]" within the meaning of the FLSA.

20.  At all times material hereto, Defendants knowingly and willfully failed to pay Plaintiff his lawfully earned wages in conformance with the FLSA and Florida law.

21.  Defendants committed a willful, malicious and unlawful violation of the FLSA and, therefore, are liable for monetary damages.

22.  At all times material hereto, corporate Defendants, U.S.R.E., LLC and Kevin Gallagher, were and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA.

23.  At all times material hereto, the work performed by Plaintiff was directly essential to the business performed by Defendants.

24.  Plaintiff has fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

### *PARTIES*

25.     Plaintiff is a citizen of the State of Florida, Escambia County and who resides in Pensacola, Florida.

26.     Defendant, Kevin Gallagher, is an owner and manager of U.R.S.E. LLC. a property management company that managed and oversaw the day to day operations of At Home Inn & Suites located in Pensacola, Florida.

27.     Defendant, U.R.S.E. LLC. is a property management company that managed and oversaw the day to day operations of At Home Inn & Suites located Pensacola, Florida.

## *FACTS*

28. Plaintiff is a 50 year old Caucasian male.

29. Plaintiff was employed by Defendants as a laborer from February 4, 2016, until his termination on July 10, 2020.

30. During Plaintiff's employment with Defendant, he performed the duties and responsibilities of his position in a more than satisfactory manner.

31. On May 16, 2020, Plaintiff injured his right arm/shoulder during the course and scope of his employment with Defendants.

32. Plaintiff informed his supervisor and U.S.R.E., LLC. owner, Kevin Gallagher, that his right arm/shoulder was injured and that it was causing him extreme pain and making it difficult for him to work.

33. Plaintiff requested medical treatment, a reduced work load and time off

to let his shoulder heal.

34. Plaintiff's requests were denied and he was required to come to work or be fired, so he continued to work and perform his duties as best he could.

35. Plaintiff's injuries and related pain continued to get worse. As a result, Plaintiff again requested to file a workers compensation claim and an accommodation.

36. Thereafter, Mr. Gallagher continued to harass Plaintiff and belittle him because he was not working as fast and had difficulty doing the requested tasks because of his shoulder and bicep were in so much pain.

37. On July 10, 2020, Plaintiff finally went to a doctor on his own and was informed that he had significant damage to his rotator cuff and a torn bicep tendon.

38. When Plaintiff learned of the extent of his injuries and he immediately informed Defendants of his medical condition and again asked Defendants about workers compensation, payment of his medical expenses and for time off or light duty work while he sought medical treatment.

39. Plaintiff's request for workers compensation benefits and an accommodation was again denied and Defendants informed Plaintiff that they would not pay for his doctor visit.

40. That same day, July 10, 2020, Defendants terminated Plaintiff's employment and started to evict him from his hotel room where he lived on the

property.

41. During Plaintiff's employment with Defendant, he lived and worked at Defendant's hotel.

42. Defendants paid Plaintiff in cash and applied a portion of Plaintiff's pay towards his weekly rent.

43. At no time during Plaintiff's employment with Defendants did they determine the reasonable cost or fair value of the rent they were charging Plaintiff.

44. Defendants paid Plaintiff erratically and sometimes nothing for his work hours in certain workweeks.

45. Plaintiff was not paid time-and-one-half his regular hourly rate of pay for hours in excess of forty in each week.

46. Instead of paying the Plaintiff a minimum hourly wage, Defendants paid Plaintiff below the minimum wage in virtually every week of his employment.

47. Defendants knowingly and willfully operated their business with a policy of not paying wages in conformance with the FLSA, to the Plaintiff.

48. Defendants were supervisors and/or manager/owners who were involved in the day-to-day operations and management of the At Home Inn & Suites hotel and were directly responsible for the supervision of Plaintiff.

49. Therefore, they are personally liable for the FLSA violations.

50. Defendants were directly involved in decisions affecting employees'

8

compensation and/or hours worked by Plaintiff.

## FIRST CAUSE OF ACTION
### (THIS COUNT ONLY APPLIES TO: U.S.R.E., LLC. D/B/A AT HOME INN & SUITES)
### *DISABILITY DISCRIMINATION*
### *AMERICANS WITH DISABILITIES ACT, (ADA)*

51.   Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 4; 25; and 27 through 40 of this complaint with the same force and effect as if set forth herein.

52.   The Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.*, prohibits employers from discriminating against qualified individuals because of a disability "in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment.

53.   At all times material hereto, Plaintiff was an employee of Defendant and Defendant was an employer within the meaning of Americans with Disabilities Act, (ADA), as the Defendant employed more than 15 employees.

54.   As such, Defendant is prohibited from discriminating against any qualified individual with a disability.

55.   Plaintiff is, and was at all time pertinent hereto, a qualified individual with a disability.

56.   Plaintiff suffers from a torn rotator cuff and bicep tendon.

57.   Plaintiff's injuries affected his muscles, joints and bones and other

skeletal muscles.

58.   Plaintiff's injuries caused fatigue, difficulty sleeping, bending, lifting and walking for long periods of time.

59.   Plaintiff's injuries were a disability within the meaning of the ADA as it substantially limited Plaintiff's ability to perform major life activities as compared to most people in the general population.

60.   Plaintiff's injuries substantially limited his ability to perform the major life function of standing, walking, bending, lifting and effected his general musculoskeletal function.

61.   Upon learning of Plaintiff's injuries and requested accommodations, Defendant was under an obligation to engage in a good faith interactive process.

62.   Defendant did not engage in a good faith dialogue with Plaintiff in an attempt to "identify the precise limitations" caused by Plaintiff's injuries nor did Defendant "explore potential accommodations" to overcome those limitations.

63.   Defendant failure to grant Plaintiff's accommodation request along with its failure to engage in this interactive process and Defendant requiring Plaintiff to continue to work, made Plaintiff's injuries worse causing his more problems with his physical mobility.

64.   Defendant's termination and disqualification of Plaintiff's employment on July 10, 2020, on the basis of his disability and Defendant's failure to make a

good faith individual assessment to determine whether Plaintiff could be employed or whether a reasonable accommodations would enable him to be employed by Defendant, violated the ADA.

65.    Any possible assertion that there was a viable business justification for the treatment of Plaintiff that lead to his termination, is entirely *pretextual* for Defendant's retaliation and discrimination against him for engaging in a protective activity and for any actual or perceived disability.

66.    The adverse personnel action, the termination of Plaintiff's employment, clearly violated his statutory protected rights and constituted a prohibited employment practice, contrary to the public policy of the under the Americans with Disabilities Act, (ADA).

67.    As a result of the Defendant's violations of the ADA, Plaintiff has been substantially damaged, in that he has lost wages, associated job benefits; and in addition, he has sustained compensatory damages, based upon mental, psychological and emotional distress, and anxiety from difficult economic circumstances, resulting from his unlawful discharge.

## SECOND CAUSE OF ACTION
### (THIS COUNT ONLY APPLIES TO: U.S.R.E., LLC. D/B/A AT HOME INN & SUITES)
### *DISABILITY RETALIATION*
### *AMERICANS WITH DISABILITIES ACT, (ADA)*

68.    Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 4; 25 and 27 through 40 of this complaint with the same force and

effect as if set forth herein.

69.    The Americans with Disabilities Act, 42 U.S.C. § 12101, et seq., prohibits employers from retaliating against qualified individuals for objecting to discriminatory acts or for requesting an accommodation.

70.    Defendant terminated and disqualified Plaintiff from his employment in retaliation for questioning and objecting to Defendant's failure to discuss his accommodation requests and for requesting an accommodation.

71.    Defendant acknowledged and regarded Plaintiff as disabled (perceived or otherwise) and as having an impairment.

72.    When Plaintiff provided Defendant with sufficient information regarding his rotator cuff and biceps tendon tears and requested a reasonable good faith accommodation, Plaintiff's requests became and were considered a statutorily protected activity under the ADA.

73.    Defendant did not engage in a good faith dialogue with Plaintiff in an attempt to "identify the precise limitations" caused by Plaintiff's disability nor did Defendant "explore potential accommodations" to overcome those limitations.

74.    Plaintiff questioned and objected to Defendant's failure to discuss his accommodation requests and further complained to Defendant that his continued working causing his arm and shoulder swell and be in constant pain.

75.    Prior to Plaintiff's termination, he had not been the subject of any

disciplinary action written or otherwise.

76.     Defendant's July 10, 2020, termination and disqualification of Plaintiff's employment was in retaliation for him seeking a good faith accommodation, his objecting to Defendant's discriminatory practices regarding his disability and requested accommodation, constituted a statutory protected activity and a prohibited employment practice, contrary to the public policy of and in violation of the ADA.

77.     Any possible assertion that there was a viable business justification for the treatment of Plaintiff that lead to his termination, is entirely *pretextual* for Defendant's retaliation against him for engaging in the statutory protective activity of requesting a reasonable accommodation.

### THIRD CAUSE OF ACTION
### (THIS COUNT ONLY APPLIES TO: U.S.R.E., LLC. D/B/A AT HOME INN & SUITES)
### (*FLA. STAT. § 440.205 Florida Workers' Compensation Retaliation Claim*)

78.     Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 4; 25 and 27 through 40 of this complaint with the same force and effect as if set forth herein.

*79.*   Defendant's conduct and commissions constitutes intentional discrimination and unlawful employment practices based upon Florida's Workers' Compensation Retaliation Law. FLA. STAT. § 440.205.

*80.*   Within a few weeks of being injured and requesting to file a workers

compensation claim so that Plaintiff could seek benefits and medical treatment, Defendant's terminated Plaintiff's employment.

81.    Defendant's acts were with intentional and with reckless disregard for Plaintiff's statutorily protected rights.

82.    Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory practices unless and until this Court grants relied.

## FOURTH CAUSE OF ACTION
### THIS CAUSE OF ACTION TO APPLIES TO:
### KEVIN GALLAGHER AND U.S.R.E., LLC. D/B/A AT HOME INN & SUITES
### VIOLATION OF 29 U.S.C. § 207 (UNPAID OVERTIME)

83.    Plaintiff, re-alleges Paragraphs 8-27; 28-30 and 40 through 50 as if fully set forth herein.

84.    Plaintiff, employment with the Defendants was to consist of a normal work week for which he should have received time and one-half for his hours worked in excess of the maximum hours provided for in the FLSA.

85.    During Plaintiff's employment, Plaintiff worked hours in excess of forty (40) per week for which he was not compensated at the statutory rate of time and one-half for all of his hours.

86.    Plaintiff were entitled to be paid at the rate of time and one-half for all their hours worked in excess of the maximum hours provided for in the FLSA.

87.    Records, if any, concerning the number of hours worked by Plaintiff

and the actual compensation paid to Plaintiff are in the possession and custody of the Defendants.

88.     Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, he will then seek leave of Court to amend his Complaint for Damages to set forth the precise amount due him.

89.     Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff at the statutory rate of time and one-half for all the hours he worked in excess of forty (40) hours per week when they knew or should have known such was due.

90.     Defendants failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

91.     As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff is entitled to liquidated damages pursuant to the FLSA.

92.     Due to the willful and unlawful acts of the Defendants, Plaintiff has suffered damages in the amount not presently ascertainable of unpaid overtime wages, plus an equal amount as liquidated damages.

93.     Plaintiff is entitled to an award of his reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

## FIFTH CAUSE OF ACTON
### THIS CAUSE OF ACTION TO APPLIES TO:

**KEVIN GALLAGHER AND U.S.R.E., LLC. D/B/A AT HOME INN & SUITES**
**VIOLATION OF 29 U.S.C. § 206 (UNPAID MINIMUM WAGES)**

94.     Plaintiff re-alleges Paragraphs 8-27; 28-30 and 40 through 50 of this Complaint as if fully set forth herein.

95.     Plaintiff employment with the Defendants was to consist of a normal workweek for which he was supposed to be compensated at or above the FLSA minimum wage.

96.     29 U.S.C. § 206 and requires that any non-exempt employee covered by the FLSA be paid their minimum wages.

97.     Plaintiff worked hours and weeks for the Defendants for which he was paid below the FLSA statutory minimum wage.

98.     Plaintiff received no wages at all for many of his work hours.

99.     As a direct and proximate result of Defendants' violation of the FLSA, Plaintiff is entitled to liquidated damages pursuant to the FLSA.

**SIXTH CAUSE OF ACTION**
**THIS CAUSE OF ACTION APPLIES TO:**
**KEVIN GALLAGHER AND U.S.R.E., LLC. D/B/A AT HOME INN & SUITES**
**VIOLATION OF ARTICLE X, § 24, FLORIDA CONSTITUTION**
**(FLORIDA MINIMUM WAGE AMENDMENT)**

100.  Plaintiff re-alleges Paragraphs 8-27; 28-30 and 40 through 50 as if fully stated herein.

101.  Pursuant to Article X, Section 24 of the Florida Constitution Defendants were required to pay Plaintiff at least the applicable Florida minimum

wage.

102.   During Plaintiff employment, Defendants willfully paid him less than the statutory minimum wage for many of his work hours, since he received no wages at all for many of his work hours.

## SEVENTH CAUSE OF ACTION
### THIS CAUSE OF ACTION APPLIES TO:
### KEVIN GALLAGHER AND U.S.R.E., LLC. D/B/A AT HOME INN & SUITES
## RETALIATION IN VIOLATION OF 29 U.S.C. § 215 AND THE FLORIDA MINIMUM WAGE ACT

103.   Plaintiff re-alleges Paragraphs 8-27; 28-30 and 40 through 50 as if fully stated herein.

104.   Plaintiff, engaged in statutorily protected activity when he complained to Defendants that he was hiring a lawyer to pursue FLSA claims in court.

105.   Pursuant to 29 U.S.C. § 215 and Fla. Stat. §448.110(5), Plaintiff was entitled to engage in and assert protected activities and rights without retaliation.

106.   The day after the Plaintiff complained to his manager that he was hiring a lawyer to pursue minimum wage claims, the Defendants terminated the Plaintiff's employment and evicted him from his motel room.

107.   A causal link exists between the Defendants' decision to terminate and the Plaintiff engaging in FLSA and FMWA protected activity.

108.   Defendants' actions were not for a legitimate, non-retaliatory reason.

109.   As a result of the Defendants' unlawful conduct, the Plaintiff has suffered damages.

## EIGHTH CAUSE OF ACTION
### (THIS CAUSE OF ACTION ONLY APPLIES TO: U.S.R.E., LLC. D/B/A AT HOME INN & SUITES)
### (FMLA INTERFERENCE)

110.   Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 5; 6 -7; and 27 through 40 of this complaint with the same force and effect as if set forth herein.

111. Defendant had more than sufficient knowledge that Plaintiff's injuries and medical condition were a serious health condition and an FMLA-qualifying medical condition.

112. Defendant knew of Plaintiff's qualifying medical condition and refused to discuss any type of FMLA leave.

113. In May 2020, when Defendant acquired sufficient knowledge that Plaintiff's medical condition may be for an FMLA-qualifying reason, Defendant should have notified Plaintiff of his eligibility to take FMLA leave within five business days.

114. The FMLA required Defendant to give Plaintiff written notice detailing his specific expectations and obligations related to the FMLA and explaining any consequences of his failure to meet these obligations.

115. Defendant never provided Plaintiff with any type of written notice

regarding his FMLA rights, thus interfering with and denying her substantive rights under the FMLA.

116. On July 10, 2020, Defendant terminated Plaintiff's employment.

117. Defendant acted with malice and with reckless disregard and interfered with Plaintiff's federally protected rights.

*118.* Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory practices unless and until this Court grants relief.

119. Plaintiff has retained the undersigned attorney to assist her, in the prosecution of this action, and she is obligated to pay said attorney a reasonable fee for his professional services.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff respectfully requests this Court to enter a judgment:

a)    Declaring the acts and practices complained of herein are violation of the ADA, FMLA, FLSA, Article X, Section 24 of the Florida Constitution and FLA. STAT. § 440.205;

b)    Enjoining and permanently restraining those violations of the ADA, FMLA, FLSA, Article X, Section 24 of the Florida Constitution and FLA. STAT. § 440.205;

c)     Directing the Defendant to take such affirmative action as is necessary to ensure that the effects of these unlawful employment practice are eliminated and do not continue to affect Plaintiff's employment opportunities;

d)     Equitable relief in the form of reinstatement or front pay, as the court deems appropriate, pursuant to ADA, FMLA, FLSA, FLA. STAT. § 440.205.

e)     Directing Defendant to place Plaintiff in the position he would have occupied but for Defendant's discriminatory treatment of him and make him whole for all earnings he would have received but for Defendant's discriminatory treatment, statutory damages for lost wages, benefits, and other compensation, plus interest thereon at the statutory rate the ADA, FMLA, FLSA, Article X, Section 24 of the Florida Constitution and FLA. STAT. § 440.205.

f)     Awarding compensatory damages in the amount of the above-requested award, pursuant to the ADA and FLA. STAT. § 440.205;

g)     Plaintiff further seeks declaratory, injunctive, and equitable relief pursuant to ADA, FMLA, FLSA, Article X, Section 24 of the Florida Constitution and Florida's Workers' Compensation Retaliation Law. FLA. STAT. § 440.205;

h)      Awarding liquidated damages in the amount of the above-requested award, pursuant to FMLA, FLSA, and Article X, Section 24 of the Florida Constitution.

i)      Awarding Plaintiff attorney's fees, expert witness fees, and costs of this action, pursuant to ADA, FMLA, FLSA, Article X, Section 24 of the Florida Constitution, FLA. STAT. § 440.205 and Fed. R. Civ. P. 54 and such other relief as this Court may deem just and proper;

j)      Finding that Defendants willfully violated Article X Fla. Const., and ordering Defendants to pay a $1,000.00 fine to the State of Florida for each such willful violation;

k)      Granting such other and further relief, equitable or otherwise, as the Court deems just and proper in the premises.

<u>DEMAND FOR JURY TRIAL</u>

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action.

Dated: December 10, 2021.          By: */s/ Clayton M. Connors*
                                              CLAYTON M. CONNORS
                                              Florida Bar No.: 0095553
                                              Email: cmc@westconlaw.com
                                              **THE LAW OFFICES OF**
                                              **CLAYTON M. CONNORS, PLLC.**
                                              4400 Bayou Blvd., Suite 32A
                                              Pensacola, Florida 32503
                                              Tel:  (850) 473-0401
                                              Fax: (850) 473-1388

Attorney for Plaintiff