UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**PAXTON MCMILLAN,**

    **Plaintiff,**

v.                                                  CASE NO. 3:21cv4029-MCR-EMT

**U S R E, LLC, D/B/A
AT HOME INN and
KEVIN GALLAGHER,**

    **Defendants.**
_____/

**FINAL SCHEDULING ORDER AND
MEDIATION REFERRAL**

The parties have submitted their joint scheduling report. On consideration, it is ORDERED:

1. The joint scheduling report, ECF No. 9, will control the matters set forth therein. With respect to matters not addressed in the parties' joint report, the Initial Scheduling Order, ECF No. 10, remains in effect. Pursuant to the parties' proposal, the discovery deadline is extended to **December 9, 2022**.

2. Pursuant to the parties' proposal, the deadline for filing potentially dispositive motions and *Daubert*[1] motions is **30 days** after the

---

[1] *See Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993).

close of discovery. The filing of potentially dispositive motions need not, however, await the deadline for such motions. Potentially dispositive motions should be filed at the earliest appropriate time. It is rarely necessary that such motions await the completion of all discovery. Additionally, the parties are directed to submit courtesy hard (*i.e.*, paper) copies of their motion and/or response and all supporting exhibits, along with any other evidentiary materials, to the undersigned's chambers.

3. In circumstances when the Federal Rules of Civil Procedure would require leave of court for adding parties or amending pleadings, parties may be added or pleadings amended only with leave of court. The deadline to seek leave to join additional parties and to amend pleadings is **April 15, 2022,** for Plaintiff and **May 15, 2022**, for Defendant.

4. Pursuant to the parties' proposal, disclosures of retained expert witnesses and their written reports under Rule 26(a)(2) are due from Plaintiff by **June 17, 2022**, and from Defendant by **July 15, 2022**. Expert witnesses not timely disclosed as required by Rule 26(a)(2), or whose opinions have been significantly modified or changed after discovery has ended, will normally not be permitted to testify at trial. Also, a party's failure to timely

disclose an expert witness's report will normally be grounds to bar the witness from testifying at trial.

5. Disclosures under Federal Rule of Civil Procedure 26 must be supplemented within a reasonable time after learning information calling for supplementation and in time to ensure the opposing party is not prejudiced by any failure to supplement immediately after the information was or with diligence should have been discovered. Supplementation under Rule 26(a) must be made within 15 days after the party receives additional information necessitating a supplementation, but in no event later than 30 days prior to the close of discovery.

6. The deadlines established by this Order for disclosures under Federal Rule of Civil Procedure 26(a)(2) abrogate the deadlines set forth in Rule 26(a)(2)(D) and thus apply regardless of whether proposed testimony is intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B). Leave of court must be sought, for good cause, prior to addition of testimony for which timely disclosures were not made, even if the testimony is intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B).

7. By separate Order Setting Trial and Pretrial Schedule to be issued later, a trial date will be scheduled and a deadline will be set for an attorney conference leading to the filing of a pretrial stipulation and related papers. The deadline for the attorney conference (as established by the Order Setting Trial and Pretrial Schedule) also will be the deadline for disclosures under Federal Rule of Civil Procedure 26(a)(3). The deadline for objections under Federal Rule of Civil Procedure 26(a)(3) is five days thereafter.

8. The parties must mediate this case in accordance with the following procedures:

(a) The parties are directed to select a mediator certified by the Supreme Court of Florida as a Circuit Court Mediator or a person otherwise mutually agreeable to the parties. If the parties are unable to agree upon a mediator by a date three weeks prior to the discovery deadline, the Plaintiff must immediately file a notice so indicating, and I will appoint a mediator.

(b) Unless otherwise agreed, the fee of the mediator will be paid equally by the parties. The fee must be paid in the manner required by the mediator.

(c) The first mediation conference must commence by not later than **14 days** after the discovery deadline (but may commence at any earlier time).

CASE NO. 3:21cv4029-MCR-EMT

The mediator must set the initial mediation conference with due regard to schedules and other commitments of the parties and counsel and may continue or adjourn the mediation conferences in his or her discretion within the time constraints set out in this Order.

    (d)    The following persons MUST attend the mediation conference:

        (1)    Counsel of record primarily responsible for the conduct of this matter on behalf of each party.

        (2)    All parties. In the case of a corporation, governmental entity, or other organization, or officer in his or her official capacity, the party must attend through a representative having full authority to settle the entire case for the party without further consultation. In his or her discretion, however, the mediator may waive the requirement that the attending representative's full authority to settle be "without further consultation." Unless the mediator directs otherwise, the parties by agreement also may waive the requirement that the attending representative's full authority to settle be "without further consultation."

        (3) If a party is insured, a representative of the insurer having full authority to settle without further consultation. In his or her discretion, however, the mediator may waive the requirement that the insurer's

CASE NO. 3:21cv4029-MCR-EMT

representative's full authority to settle be "without further consultation." Unless the mediator directs otherwise, the parties by agreement also may waive the requirement that the attending insurer's representative's full authority to settle be "without further consultation."

(e) Failure of any person to attend the mediation conference as required will result in the imposition of sanctions.

(f) The parties must confer in advance on the submission of written materials to the mediator and must proceed in accordance with any agreement they reach or the instructions of the mediator. In the absence of agreement of the parties or instructions from the mediator, no written submissions to the mediator are required, but either party may submit materials as it deems appropriate, which the mediator may consider as he or she deems appropriate.

(g) The mediator will have authority to control the procedures to be followed in mediation, may adjourn the mediation conference and set times for reconvening, and may suspend or terminate mediation whenever, in the opinion of the mediator, the matter is not appropriate for further mediation.

(h) All discussions, representations, and statements made at the mediation conference must be off the record and privileged as settlement negotiations. Mediation proceedings will not be recorded by a court reporter

CASE NO. 3:21cv4029-MCR-EMT

or by an electronic recording device, except as necessary to memorialize any settlement that may be reached.

(i) This referral to mediation does not automatically toll the time for completion of any other matter in this case.

(j) The parties are encouraged to settle as many issues during mediation as possible. Partial or complete settlements must immediately be reduced to writing in the presence of the mediator and be signed by all parties and their counsel.

(k) Mediation in this case must be completed on or before a date **28 days** after the discovery deadline. The mediator or parties must file a report within **14 days** thereafter indicating when mediation was conducted and the outcome of the mediation (that is, whether the matter was settled or impasse was declared). If the matter is settled in full, notice to the Court must be immediate.

(l) Counsel for each party must, within **10 days** of the date of this Order, consult with his or her client about the advantages (including savings of costs and attorney's fees) and disadvantages of proceeding with mediation immediately rather than awaiting the deadlines set in this Order. On motion of any party, the Court will consider ordering that mediation commence

CASE NO. 3:21cv4029-MCR-EMT

Page 8 of 8

immediately or at a time earlier than otherwise required by this Order. With or without such an order, the parties by agreement may commence mediation at any time before the deadlines set in this Order.

**DONE AND ORDERED** this 11th day of March 2022.

*M. Casey Rodgers*
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**

CASE NO. 3:21cv4029-MCR-EMT