IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

PAXTON MCMILLIAN

    PLAINTIFF,
v.　　　　　　　　　　　　　CASE NO.: 3:21-cv- 04029-MCR-EMT

USRE, LLC.
D/B/A AT HOME INN AND
KEVIN GALLAGHER,

    DEFENDANT.
_____/

**JOINT MOTION TO APPROVE FLSA SETTLEMENT AGREEMENT
AND JOINT STIPULATION FOR DISMISSAL WITH PREJUDICE**

**COME NOW**, Plaintiff, Paxton McMillan ("Plaintiff"), and Defendants, USRE, LLC d/b/a AT HOME INN ("USRE") and KEVIN GALLAGHER, individually (Kevin Gallagher and USRE, collectively, referred to herein as "Defendants"), by and through their respective undersigned attorneys, and file this Joint Motion to Approve the parties' FLSA Settlement Agreement and Joint Stipulation for Dismissal with Prejudice (the "Motion"), and state the following in support thereof:

    1. In paragraph's 9-24 and 41-50 of Plaintiff's Complaint, Plaintiff alleges that: (a) during his employment with Defendant, Plaintiff lived and worked at the hotel owned and operated by USRE; (b) Defendants paid Plaintiff in cash, with a portion of Plaintiff's pay applied towards Plaintiff's weekly rent; (c) Defendants

did not determine the reasonable cost or fair value of Plaintiff's rent; (d) Defendants paid Plaintiff erratically, and sometimes nothing, for Plaintiff's work hours in certain workweeks; (e) Plaintiff was not paid time-and-one-half his regular hourly rate of pay for hours in excess of forty in each week; and (f) instead of paying the Plaintiff a minimum hourly wage, Defendants paid Plaintiff below the minimum wage in virtually every week of his employment.

2. Defendant answered and asserts that there is a *bona fide dispute* and denies Plaintiff's allegations.

3. Defendants maintain that Plaintiff was paid all monies owed to him for the hours he worked and reported.

4. Defendant disputes all claims alleged in Plaintiff's Complaint, and specifically disputes Plaintiff's allegations that he was not paid overtime in violation of the FLSA with respect to both liability and amount.

5. Plaintiff's Complaint also contains six (6) other counts for disability, discrimination and retaliation, workers compensation retaliation, FMLA interference and violation of Florida Statute 448.08 and the Florida Constitution, and Defendants maintain their denial of the allegations in each of these counts.

6. To avoid the costs and uncertainty of litigation, the Parties negotiated a settlement of all claims and entered into the Settlement and Release Agreement,

a fully executed copy of which is attached hereto as Exhibit "A" (the "Settlement and Release Agreement").

7. The Parties further assert that there has been no collusion, fraud, or any other inappropriate conduct in this matter and that the compromise and settlement of Plaintiff's FLSA claims was the result of good faith, arm's-length negotiations and assessment by the Parties of the risks and benefits of litigation and settlement.

8. As the allegations in Counts IV and VII of Plaintiff's Complaint were asserted pursuant to the FLSA (the "FLSA Claims"), the Parties now seek approval of this compromise and settlement by the Court and seek dismissal of Plaintiff's FLSA claims with prejudice, pursuant to Fed. R. Civ. P. 41.

9. For the reasons set forth herein, and subject to the terms and conditions of the Settlement and Release Agreement, Plaintiff agrees he is receiving a reasonable and satisfactory recovery as payment for alleged unpaid overtime wages, and further agrees to release Defendants from any and all potential liability for his FLSA Claims of the subject litigation and, subject to court approval, agrees to voluntarily dismiss any and all FLSA Claims against Defendants in the subject litigation, including the filing of this Joint Motion for Approval and Voluntary Dismissal with Prejudice.

10. In exchange for such release and dismissal, and subject to the terms and conditions of the Settlement and Release Agreement, Defendant agrees to

make payment to Plaintiff in the amount of **Five Thousand Dollars 00/100 ($5,000) ("Release Amount")**, which will be broken down as follows: $2,500.00 as wages and $2,500.00 as liquidated damages.

11. During the settlement process, the Parties considered and negotiated Plaintiff's counsel attorney's fee separately and agreed that Plaintiff's counsel is not taking any portion of Plaintiff's FLSA settlement proceeds as attorney's fees.

12. The Eleventh Circuit's decision in *Lynn's Food Stores, Inc. v. U.S.*, 679 F.2d 1350 (11th Cir. 1982) has been interpreted as holding that a release of back wage claims arising under the FLSA is not enforceable unless: (a) supervised by the Department of Labor, or (b) included in the settlement approved by the Court in an action brought under the FLSA to recover unpaid wages if the parties propose a "compromise" that resolves a "bona fide dispute."

13. The Parties represent that, in accordance with the terms of the FLSA settlement agreement, Plaintiff is receiving a reasonable and satisfactory recovery as payment for alleged unpaid overtime wages as set forth above, without regard to the amount of money paid to settle Plaintiff's claims.

14. The parties conducted discovery in this matter and exchanged sufficient information and documentation to arrive at a fair and reasonable resolution of Plaintiff's FLSA claims. The parties continue to disagree as to the

Defendant's liability and whether Plaintiff was entitled to overtime compensation or other amount of damages.

15. Plaintiff specifically agrees and stipulates that the terms of the FLSA Settlement Agreement represent a fair and equitable resolution of this matter. Additionally, the Parties have been adequately represented by experienced counsel.

16. Moreover, because Plaintiff's counsel is not asserting or taking a fee from the Plaintiff's FLSA settlement funds, the Court need not conduct an evidentiary inquiry into the reasonableness of the hourly rate charged by Plaintiff's counsel or the amount of the total fees incurred. *See Dail v. George A. Arab, Inc.,* 391 F. Supp. 2d 1142, 1147 (M.D. Fla. 2005) (holding that because defendant joined in the motion for approval of the settlement amounts, "[t]he Court, therefore, finds it unnecessary to inquire into the reasonableness of the hourly rate charged by Plaintiff's counsel, and accepts the Parties' stipulation as to the reasonableness of the attorneys' fees and costs".)

17. The Parties request that the Court approve the Parties' settlement as a fair and reasonable resolution of a *bona fide dispute* under the FLSA.

18. The Parties further stipulate, pursuant to F.R.C.P. 41(a)(1)(A)(ii), to the dismissal with prejudice of the entire action upon approval of the settlement by the Court as requested above.

WHEREFORE, the Parties respectfully request that the Court enter an Order: (1) approving the terms of the settlement, and (2) dismissing this action with prejudice.

## CERTIFICATE OF COMPLIANCE

I HEREBY CERTIFY that that font used in this brief is Times New Roman 14-point font, and the word count is 1,032. The font requirement of Local Rule 5.1(C), and word count requirement of Local Rule 7.1(F) has been complied with.

Respectfully submitted this 26th day of October, 2022.

/s/ *Clayton M. Connors*
CLAYTON M. CONNORS
Florida Bar No. 0095553
THE LAW OFFICES OF
CLAYTON M. CONNORS, PLLC
4400 Bayou Blvd., Suite 32A
Pensacola, Florida 32503
Telephone: (850) 473-0401
Email: cmc@westconlaw.com
*Attorney for Plaintiff*

/s/*Jesse I. Unuh*
Jesse I. Unruh
Florida Bar No. 93121
jesse@spirelawfirm.com
marcela@spirelawfirm.com
filings@spirelawfirm.com

SPIRE LAW, PLLC
2572 W. State Road 426,
Suite 2088
Oviedo, Florida 32765

*Counsel for Defendants*

## CERTIFICATE OF COMPLIANCE

I HEREBY CERTIFY that that font used in this brief is Times New Roman 14-point font, and the word count is 1,032. The font requirement of Local Rule 5.1(C), and word count requirement of Local Rule 7.1(F) has been complied with.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing joint motion and stipulation was electronically filed with the clerk of the court using the CM/ECF system on this 26th day of October 2022, and that electronic that will send email notification of such filing to: Jesse Unruh, Esquire, Attorney for Defendant, SPIRE LAW, LLC, 2572 W. State Road 426, Suite 2088, Oviedo, Florida 32765, Email: jesse@spirelawfirm.com; marcela@spirelawfirm.com; and filings@spirelawfirm.com.

/s/ *CLAYTON M. CONNORS*
CLAYTON M. CONNORS
Florida Bar No. 0095553
THE LAW OFFICES OF
CLAYTON M. CONNORS, PLLC
4400 Bayou Blvd., Suite 32A
Pensacola, Florida 32503
Telephone: (850) 473-0401
Email: cmc@westconlaw.com
*Attorney for Plaintiff*