## SETTLEMENT AND RELEASE AGREEMENT

This Settlement and Release Agreement (this "Agreement") is entered into by and between PAXTON MCMILLIAN ("Plaintiff"), on the one hand, and U.S.R.E., LLC, a Florida limited liability company, d/b/a At Home Inn ("USRE"), and Keven Gallagher, on the other hand (USRE and Kevin Gallagher, collectively, referred to herein as "Defendants") (Plaintiff and Defendant, collectively, referred to as the "Parties").

## RECITALS

**WHEREAS**, Plaintiff has raised claims pursuant to the Fair Labor Standards Act alleging that Defendants owe him overtime compensation arising out of his employment with USRE. Specifically, Plaintiff filed a complaint against Defendants in the United States District Court for the Northern District of Florida, Pensacola Division, styled *Paxton McMillian v. USRE, LLC d/b/a At Home Inn, and Kevin Gallagher* (Case No. 3:21-cv-040209) (the "Action"), alleging claims against USRE for disability discrimination and retaliation in violation of the Americans with Disabilities Act ("ADA"), violations of Florida Workers' Compensation Retaliation Law, Fla. Stat. § 440.205, and violations of the Family and Medical Leave Act ("FMLA"), in addition to claims against both Defendants for violations of the wage and overtime provisions of the federal Fair Labor Standards Act ("FLSA"), violations of the Florida Minimum Wage Amendment, Article X, § 24, of the Florida Constitution, and retaliation in violation of the FLSA in connection with violations of the Florida Minimum Wage Act, Fla. Stat. §448.110(5) ("FMWA");

**WHEREAS**, the Parties entered into good faith settlement negotiations resulting in this Agreement, the purpose of which is to settle and compromise any and all prior and existing disputes, claims and controversies between the Parties without any future cost and expense of litigation, and to bar any and all future disputes, claims and controversies between the Parties which may arise out of any facts or events, known or unknown, that have occurred up to the Effective Date of this Agreement;

**WHEREAS**, subject to the terms of this Agreement, the Parties now desire to fully and finally settle all claims in the Action, including the reasonable amount of attorney's fees and costs for Plaintiff's claims in the Action (in lieu of having such amount determined by the Court), as well as any and all claims the Plaintiff could henceforth bring against Defendants arising out of Plaintiff's employment by USRE, or relationship with Defendants; and

**NOW THEREFORE**, in consideration of the mutual covenants and promises contained in this Agreement, and other good and valuable consideration, the receipt and sufficiency of which are acknowledged by the Parties, the Parties agree to be legally bound by the following terms and conditions:

1. **Recitals.** The Parties acknowledge that the foregoing recitals are true, correct, and incorporated herein by reference as though set forth in full.

2. **No Admission of Liability.** Plaintiff agrees and acknowledges that this Agreement is not and shall not be construed as an admission by the Defendants, or any person or entity acting

on its behalf, of any liability or of any act or wrongdoing whatsoever, including without limitation, any violation of: (1) any federal, state, or local law, statute, regulation, code, or ordinance; or (2) of any legal, common law, or equitable duty owed by Defendants to any entity, regulatory authority, or individual.

3. **Settlement Terms and Dismissal.** Defendants shall pay to Plaintiff the total sum of Twelve Thousand Five Hundred Dollars and Zero Cents ($12,500.00 USD) (the "Settlement Amount") in consideration for the promises made herein, and in full and final settlement of the Action, including the reasonable amount of attorney's fees and costs incurred by Plaintiff in this Action, and any other claims and liabilities Plaintiff has asserted or may assert against Defendants as of the Effective Date which arise out of Plaintiff's employment by USRE, or relationship with Defendants.

   a. The Settlement Amount will be apportioned as follows:

      i. Two Thousand Five Hundred Dollars and Zero Cents ($2,500.00 USD), less all applicable tax withholdings and deductions, payable to Plaintiff for alleged unpaid overtime compensation and back wages. USRE will cause an IRS Form W-2 to be issued to Plaintiff in connection with this wage payment at the time and in the manner required by law;

      ii. Two Thousand Five Hundred Dollars and Zero Cents ($2,500.00 USD), payable to Plaintiff for alleged liquidated damages and interest. USRE will cause an IRS Form 1099 to be issued to Plaintiff for this non-wage payment at the time and in the manner required by law;

      iii. Five Thousand Dollars and Zero Cents ($5,000.00 USD), payable to The Law Offices of Clayton M. Connors, PLLC, for attorney's fees and costs incurred by Plaintiff through the course of pursuing the Action and this resolution. Defendants will cause an IRS Form 1099 to be issued to The Law Offices of Clayton M. Connors, PLLC reflecting this amount at the time and in the manner required by law. The Parties acknowledge and agree that the attorney's fees payable by Defendants to The Law Offices of Clayton M. Connors, PLLC were negotiated separately and apart from Plaintiff's wage claims, and that Plaintiff's recovery will not be reduced by any part of the attorney's fees or costs; and

      iv. Two Thousand Five Hundred Dollars and Zero Cents ($2,500.00 USD), payable to Plaintiff for the general release of Non-FLSA claims, as set forth below in Section 5(a) of this Agreement;

   b. The Parties agree to take whatever other actions are necessary to effectuate the approval of this Agreement, including, but not limited to, filing appropriate or necessary documents should the District Court require approval of this Agreement, and/or question or disapprove of the Parties settlement in whole or in part, before dismissing the Action with prejudice.

Doc ID: d505fa3ecacc6d62754b95b93ef8aecff9ccdc73

4. **Delivery of Settlement Amount.** The Settlement Amount will be delivered to Plaintiff's counsel, to be delivered within twenty (20) days of either the Effective Date, or the date the Action is dismissed with prejudice, whichever is later. The Plaintiff agrees and acknowledges that, as directed by or allocated pursuant to applicable law, the Plaintiff will be responsible for the payment of any and all taxes for which he is liable with respect to the Settlement Amount. The Plaintiff also agrees, warrants, and acknowledges that Defendants shall have no responsibility whatsoever for the payment of any taxes that Plaintiff is liable for with respect to the Settlement Amount. Plaintiff understands and agrees that the Plaintiff is responsible for and shall indemnify and hold harmless Defendants from the payment of any taxes, interest, penalties, levies or assessments that he is liable for applicable thereto.

5. **Mutual General Release of Claims.**

   a. **Plaintiff's General Release and Waiver of Claims.** In exchange for the consideration provided by Defendants in this Agreement, Plaintiff and Plaintiff's heirs, executors, representatives, administrators, agents, insurers, and assigns (collectively, the "**Plaintiff Releasors**") irrevocably and unconditionally fully and forever waive, release, and discharge Defendants, including Defendants' parents, subsidiaries, affiliates, predecessors, successors, joint employers, and assigns, and each of its and their respective agents, officers, directors, employees, members, managers and agents, in their corporate and individual capacities (collectively, the "**Defendant Releasees**"), from any and all claims, demands, actions, causes of actions, judgments, rights, fees, damages, debts, obligations, liabilities, and expenses (inclusive of attorneys' fees) of any kind whatsoever, whether known or unknown (collectively, "**Plaintiff Claims**"), that Plaintiff Releasors may have or have ever had against the Defendant Releasees, or any of them, arising out of, or in any way related to Plaintiff's hire, benefits, employment, termination, or separation from employment with USRE by reason of any actual or alleged act, omission, transaction, practice, conduct, occurrence, or other matter from the beginning of time up to and including the date of Plaintiff's execution of this Agreement.

   i. Plaintiff's general release of claims in paragraph 5 shall include, but not be limited to:

   A. any and all claims under Title VII of the Civil Rights Act of 1964 (Title VII), the Americans with Disabilities Act (ADA), the Family and Medical Leave Act (FMLA), the Fair Labor Standards Act (FLSA), the Equal Pay Act, the Employee Retirement Income Security Act (ERISA) (regarding unvested benefits), the Civil Rights Act of 1991, Section 1981 of U.S.C. Title 42, the Fair Credit Reporting Act (FCRA), the Worker Adjustment and Retraining Notification (WARN) Act, the National Labor Relations Act (NLRA), the Age Discrimination in Employment Act (ADEA), the Uniform Services Employment and Reemployment Rights Act

Doc ID: d505fa3ecacc6d62754b95b93ef8aecff9ccdc73

(USERRA), the Genetic Information Nondiscrimination Act (GINA), the Immigration Reform and Control Act (IRCA), the Florida Civil Rights Act, the Florida Whistleblower Protection Act, Florida Workers' Compensation Law's Retaliation provision, the Florida Wage Discrimination Law, the Florida Minimum Wage Act, the Florida Equal Pay Law, the Florida Omnibus AIDS Act, the Florida Domestic Violence Leave Act, the Florida Discrimination on the Basis of Sickle Cell Trait Law, Florida OSHA, the Florida Constitution, the Florida Fair Housing Act, all employment-related and applicable city or county ordinances, including any amendments and their respective implementing regulations, and any other federal, state, local, or foreign law (statutory, regulatory, or otherwise) that may be legally waived and released; however, the identification of specific statutes is for purposes of example only, and the omission of any specific statute or law shall not limit the scope of this general release in any manner;

B. any and all claims for compensation of any type whatsoever, including but not limited to claims for salary, wages, bonuses, commissions, incentive compensation, vacation, sick pay, or severance;

C. any and all claims arising under tort, contract, or quasi-contract law, including but not limited to claims of breach of an express or implied contract, including claims for tortious interference with a contract or prospective business advantage, breach of the covenant of good faith and fair dealing, promissory estoppel, detrimental reliance, invasion of privacy, nonphysical injury, personal injury or sickness, or any other harm, wrongful or retaliatory discharge, fraud, defamation, false imprisonment, and negligent or intentional infliction of emotional distress; and

D. any and all claims for monetary or equitable relief, including but not limited to attorneys' fees and costs, back pay, front pay, reinstatement, experts' fees, medical fees or expenses, costs and disbursements, punitive damages, liquidated damages, and penalties; and

E. indemnification rights that Plaintiff has against Defendants.

ii. Plaintiff's general release of claims against Defendants in paragraph 5 shall exclude, and the Plaintiff does not waive, release, or discharge:

A. any right to file an administrative charge or complaint with or testify, assist, or participate in an investigation, hearing, or proceeding conducted by the Equal Employment Opportunity Commission or other similar federal or state administrative agencies, although the Plaintiff waives any right to monetary relief related to any filed charge or administrative complaint;

Doc ID: d505fa3ecacc6d62754b95b93ef8aecff9ccdc73

      B. claims that cannot be waived by law, such as claims for unemployment benefit rights and workers' compensation claims, whether currently pending or otherwise, with the Office of Workers Compensation or pursuant to the Florida workers compensation laws, with the sole exception of the release of Plaintiff's workers compensation retaliation claim brought in the Action; and

      C. any right to file an unfair labor practice charge under the National Labor Relations Act.

   iii. However, Plaintiff and the Plaintiff Releasors hereby certify and affirm that there are no known anticipated or pending claims existing as of the Effective Date that may be excluded from Plaintiff's release of claims against Defendants as set forth in paragraph 5.a.ii of this Agreement.

  b. **Defendants' General Release of Claims.** In exchange for the consideration provided by Plaintiff in this Agreement, Defendants, including Defendants' parents, subsidiaries, affiliates, predecessors, successors, joint employers, and assigns, and each of its and their respective agents, officers, directors, employees, members, managers and agents, in their corporate and individual capacities (collectively, the "**Defendant Releasors**") irrevocably and unconditionally fully and forever waive, release, and discharge Plaintiff and Plaintiff's heirs, executors, representatives, administrators, agents, insurers, and assigns (collectively, the "**Plaintiff Releasees**"), from any and all claims, demands, actions, causes of actions, judgments, rights, fees, damages, debts, obligations, liabilities, and expenses (inclusive of attorneys' fees) of any kind whatsoever, whether known or unknown (collectively, "**Defendant Claims**"), that Defendant Releasors may have or have ever had against the Plaintiff Releasees, or any of them, arising out of, or in any way related to Plaintiff's hire, benefits, employment, termination, or separation from employment with USRE by reason of any actual or alleged act, omission, transaction, practice, conduct, occurrence, or other matter from the beginning of time up to and including the date of Plaintiff's execution of this Agreement. Defendants and the Defendant Releasors hereby certify and affirm that there are no known anticipated or pending claims before any court, administrative agency, regulatory body, or tribunal of any manner that would be released under the terms of this Agreement.

6. **Representations of Non-filing and Covenant Not to Sue.** Other than the Action, Plaintiff represents and warrants that Plaintiff has never commenced or filed, and Plaintiff covenants and agrees never to commence, file, aid, or in any way prosecute or cause to be commenced or prosecuted against Defendants or Defendant Releasees, any action, charge, complaint, or other proceeding, whether administrative, judicial, legislative, or otherwise, including, but not limited to, any action or proceeding for attorneys' fees, experts' fees, disbursements, or costs, based upon or seeking relief on account of actions or failures to act by Defendants or Defendant Releasees, which may have occurred or failed to occur before Plaintiff's execution of this Agreement.

7. **Knowing and Voluntary Acknowledgment.** Plaintiff specifically agrees and acknowledges that:

    a. Plaintiff has read this Agreement in its entirety and understands all of its terms;

    b. by this Agreement, Plaintiff has been advised to consult with an attorney before executing this Agreement, and has consulted with such counsel;

    c. Plaintiff knowingly, freely, and voluntarily assents to all of its terms and conditions including, without limitation, the waiver, release, and covenants contained herein;

    d. Plaintiff is executing this Agreement, including the waiver and release, in exchange for good and valuable consideration in addition to anything of value to which Plaintiff is otherwise entitled; and

    e. Employee is not waiving or releasing rights or claims that may arise after Employee executes this Agreement.

8. **Mutual Non-Disparagement.** The Parties agree and covenant that neither Party shall at any time make, publish, or communicate to any person or entity or in any public forum any defamatory, maliciously false, or disparaging remarks, comments, or statements concerning the other Party or its businesses, or any of its employees, officers, or directors, now or in the future.

9. **Waiver of Future Employment.** Plaintiff shall not knowingly seek or accept future employment with Defendants or Defendants' parent, subsidiaries, and other corporate affiliates or with any successor or assign. Plaintiff agrees that if Defendants or Defendants' parents, subsidiaries, and other corporate affiliates or any successor or assign declines to employ Plaintiff, they shall not be liable for any damages.

10. **Governing Law, Jurisdiction, and Venue.** This Agreement and all matters arising out of or relating to this Agreement, whether sounding in contract, tort, or statute, for all purposes shall be governed by and construed in accordance with the laws of Florida (including its statutes of limitations) without regard to any conflicts of laws principles that would require the laws of any other jurisdiction to apply. Any action or proceeding by either of the Parties to enforce this Agreement shall be brought only in the state or federal courts located in the state of Florida. The Parties hereby irrevocably submit to the exclusive jurisdiction of these courts and waive the defense of inconvenient forum to the maintenance of any action or proceeding in such venue.

11. **Attorneys' Fees and Costs.** If either party breaches any of the terms of this Agreement or the post-termination obligations articulated in it, the breaching party will be responsible for payment of all reasonable attorneys' fees and costs incurred by the non-breaching party in the course of enforcing the terms of the Agreement, including demonstrating the existence of a breach and any other contract enforcement efforts.

Doc ID: d505fa3ecacc6d62754b95b93ef8aecff9ccdc73

12. **Entire Agreement.** Unless specifically provided herein, this Agreement contains all of the understandings and representations between Plaintiff and Defendants relating to the subject matter hereof and supersedes all prior and contemporaneous understandings, discussions, agreements, representations, and warranties, both written and oral, regarding such subject matter.

13. **Remedies and Enforcement.** In the event of a breach or threatened breach by Plaintiff of any of the provisions of this Agreement, Plaintiff hereby consents and agrees that money damages would not afford an adequate remedy and that Defendants shall be entitled to seek a temporary or permanent injunction or other equitable relief against such breach or threatened breach from any court of competent jurisdiction, without the necessity of showing any actual damages and without the necessity of posting any bond or other security. Any equitable relief shall be in addition to, not in lieu of, legal remedies, monetary damages, or other available relief.

14. **Modification and Waiver.** No provision of this Agreement may be amended or modified unless the amendment or modification is agreed to in writing and signed by Plaintiff and Defendants. No waiver by any Party of any breach by any other party of any condition or provision of this Agreement to be performed by any other party shall be deemed a waiver of any other provision or condition, nor shall the failure of or delay by any Party in exercising any right, power, or privilege under this Agreement operate as a waiver to preclude any other or further exercise of any right, power, or privilege.

15. **Interpretation.** Captions and headings of the sections and paragraphs of this Agreement are intended solely for convenience and no provision of this Agreement is to be construed by reference to the caption or heading of any section or paragraph. Moreover, this Agreement shall not be construed against either Party as the author or drafter of the Agreement.

16. **Counterparts.** The Parties may execute this Agreement in counterparts, each of which shall be deemed an original, and all of which taken together shall constitute one and the same instrument. Delivery of an executed counterpart's signature page of this Agreement, by facsimile, electronic mail in portable document format (.pdf), or by any other electronic means intended to preserve the original graphic and pictorial appearance of a document, has the same effect as delivery of an executed original of this Agreement.

17. **Notices.** All notices under this Agreement must be given in writing by personal delivery/regular mail/receipted email at the addresses indicated in this Agreement or any other address designated in writing by either Party. When providing written notice, a copy must be provided to the receiving Party's attorney.

18. **Older Workers Benefit Protection Act.** In conformity with the Older Workers Benefit Protection Act (OWBPA), Plaintiff, being 40 years of age or older, is advised of and acknowledges the following: (i) this Agreement is written in a manner calculated to be understood by Plaintiff, (ii) this Agreement represents Plaintiff's knowing and voluntary waiver and release of any and all claims described in Section 7 that Plaintiff might have including, but not limited to, any such claims arising under the Age Discrimination in

Doc ID: d505fa3ecacc6d62754b95b93ef8aecff9ccdc73

Employment Act of 1967, as amended (the ADEA), (iii) Plaintiff has not waived any claim under the ADEA that may arise after the date Plaintiff executes this Agreement, (iv) the consideration Plaintiff will receive in exchange for this Agreement (i.e., the payments and benefits set forth above) is something of value to which Plaintiff is not already entitled, (v) Plaintiff is hereby being advised to consult with an attorney prior to executing this Agreement, (vi) **Plaintiff was provided 21 days to consider this Agreement**, and (vii) **Plaintiff has seven days following Plaintiff's execution of this Agreement in which to revoke it by written notice of revocation** that must be delivered to and received by Spire Law, PLLC, 2572 West State Road 426, Suite 2088, Oviedo, FL 32765, no later than the seventh day after Plaintiff has signed this Agreement. This Agreement will not become effective and enforceable until the eighth day after Plaintiff's execution of this Agreement without revocation (such eighth day is the "**Effective Date**" of this Agreement).

THE PARTIES EXPRESSLY REPRESENT AND WARRANT THAT THEY (a) HAVE CAREFULLY READ THIS AGREEMENT; (b) FULLY UNDERSTAND THE TERMS, CONDITIONS AND SIGNIFICANCE OF THIS AGREEMENT; (c) HAVE HAD AMPLE TIME TO CONSIDER AND NEGOTIATE THIS AGREEMENT; (d) HAVE HAD A FULL OPPORTUNITY TO REVIEW THIS AGREEMENT WITH THE THEIR RESPECTIVE ATTORNEY AND HAVE DONE SO; AND (e) HAVE EXECUTED THIS AGREEMENT VOLUNTARILY, KNOWINGLY AND WITH THE ADVICE OF THEIR ATTORNEY.

THIS AGREEMENT CONTAINS A RELEASE OF ALL CLAIMS AGAINST USRE, YOUR FORMER EMPLOYER, INCLUDING CLAIMS UNDER THE FEDERAL AGE DISCRIMINATION EMPLOYMENT ACT AND APPLICABLE STATE AND MUNICIPAL AGE DISCRIMINATION LAWS. YOU SHOULD THOROUGHLY REVIEW AND UNDERSTAND THE TERMS, CONDITIONS, AND EFFECT OF THIS GENERAL RELEASE. YOU HAVE 21 DAYS TO CONSIDER AND EXECUTE THIS AGREEMENT AND WILL HAVE THE RIGHT TO REVOKE IT FOR 7 DAYS AFTER SIGNING IT. YOU ARE ADVISED TO CONSULT WITH AN ATTORNEY PRIOR TO SIGNING THIS AGREEMENT AND GENERAL RELEASE.

IN WITNESS WHEREOF, this Agreement has been executed by the Parties as of the Effective Date.

PLAINTIFF:

*Paxton McMillian*
PAXTON MCMILLIAN

Date: 10/17/2022

DEFENDANTS:

U.S.R.E., LLC, a Florida limited liability company

By: *Kevin R. Gallagher*
Its: Manager

Date: 10 / 14 / 2022

Doc ID: d505fa3ecacc6d62754b95b93ef8aecff9ccdc73

*Kevin R. Gallagher*
KEVIN GALLAGHER
Date: 10 / 14 / 2022

Doc ID: d505fa3ecacc6d62754b95b93ef8aecff9ccdc73